## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

In Re:

Robert A. Sears,                                 Case No.   BK 10-40275

        Debtor.


In Re:                                           Case No.   BK 10-40277

Koley B. Sears,

        Debtor.


                                                    Chapter 11

**Robert A. Sears Declaration #1 (Articles of Incorporation, By-Laws, and Minutes) In Support of: (I) Resistance/Objection to Motion For Relief From Automatic Stay; and (II) Resistance/Objection to Motion For Approval of Voting Process**


I, Robert A. Sears, make the following declaration under 28 U.S.C. §1746:

1.  I am the Debtor and the Debtor in Possession in Case No. 10-40275.

2.  I make this Declaration in opposition to the Motions for Relief from Stay and the Motions for Approval of the Voting Process filed in Cases 10-40275 and 10-40277 by Rhett R. Sears ("Rhett"), the Rhett R. Sears Revocable Trust ("Rhett Trust"), Ronald H. Sears ("Ronald"), the Ron H. Sears Trust ("Ron Trust"), and Dane R. Sears ("Dane") (collectively "Moving Sears").

3. This Declaration is made on first hand knowledge.

4. Attached to this Declaration and incorporated herein by this reference are true and correct copies of the Articles of Incorporation of AFY, Inc. (Exhibit A) and the By-Laws of AFY, Inc. (Exhibit B) that to the best of my knowledge are the Articles of Incorporation and By-laws of AFY, Inc.  Also attached are Minutes which to my knowledge, information, and belief are true and correct copies of the Minutes of the 2008 Annual Shareholder Meeting (Exhibit C); Minutes of AFY, Inc's 2009 Annual Shareholder Meeting (Exhibit D); and Minutes of the 2009 Consent and Waiver of Notice and Meeting of AFY, Inc.'s Board of Directors (Exhibit E).

Dated _4 - 7 - 10_

I declare under penalty of perjury that the foregoing is true and correct.

Robert A. Sears

# Page 1

Articles of Incorporation

of

Ainsworth Feed Yards Company,
Inc.

Ainsworth

Filing      125.00
Recording     5.20

perpetual

R.A.
Willard W. Rogers
Ainsworth

STATE OF NEBRASKA } SS
SECRETARY'S OFFICE }
Received and filed for record
and recorded in film roll No.....
.............. at page......
........................
Secretary of State
By.....................

JUL 2 3 1962

INDEXED
"MICROFILMED"
RECORDED

Exhibit A

# Page 2

ARTICLES OF INCORPORATION
OF
AINSWORTH FEED YARDS COMPANY, INC.

The undersigned hereby associate themselves together for the purpose of forming and becoming a corporation under the laws of the State of Nebraska, and for that purpose hereby adopt these Articles of Incorporation.

### ARTICLE I.

The name of the corporation shall be "Ainsworth Feed Yards Company, Inc."

### ARTICLE II.

The principal place of transacting the business of the corporation shall be in Ainsworth, Brown County, Nebraska. In addition the corporation shall have authority to transact business in any state in the United States of America, and any foreign country.

### ARTICLE III.

The name of the resident agent of the corporation is Willard W. Rogers, whose address is Ainsworth, Nebraska.

### ARTICLE IV.

The nature of the business, objects and purposes to be transacted, promoted or carried on are:

1. To engage generally for the business of raising and feeding livestock for marketing purposes for the account of the company or for the account of others, and to own and operate yards, pens, lots,

1186    704

# Page 3

-2-

sheds or enclosures or shelters of any type for any purpose or activity
in which the company may lawfully engage.

2. To breed, raise, buy, sell and deal generally in all species
of livestock for feeding or marketing purposes.

3. To raise, buy, own, sell and deal generally in grain, hay,
and livestock feed of all kinds and any and all kinds of property
necessary, appropriate or convenient to carry out the purposes for
which this corporation is formed.

4. To engage in the business of buying, selling, dealing, raising
breeding, feeding, agisting, transporting and yarding all species of
livestock.

5. To engage in the business of operating stock farms and ranchs,
feed yards and feed storage facilities, and buying, selling and dealing
in all articles of commerce directly or indirectly relating to the
livestock industry.

6. To engage in the business of slaughtering livestock and the
operation of meat packing or meat curing facilities; to buy, sell
and generally deal in meat and meat products at wholesale and retail.

7. To acquire real and personal property wherever situate and
any and all interest therein and construct buildings and structures
of all kinds, or any other improvements, upon its real property or
upon the real property of others and to manage and operate the same.

8. In general to carry on any other business in connection with
the foregoing and to have and exercise all the powers and rights
conferred by the laws of the State of Nebraska upon corporations formed

705

1497

# Page 4

Case 10-40275-TLS   Doc 38   Filed 04/07/10   Entered 04/07/10 11:22:45   Desc Main
Document   Page 6 of 27

Corporation Inquiry                                    file:///C:/Documents%20and%20Settings/bjorde/Desktop/corpsearch.c...

-3-

such laws; and, to exercise so far as the same are necessary and convenient to the accomplishment of the particular objectives and purposes the following particular powers:

(a)  To own, hold, purchase, buy, sell, exchange, hire, improve, build, erect, construct, maintain, rent, lease, sub-lease operate, equip, manage, mortgage, assign, pledge, convey and generally deal in buildings and structures of every kind and description and real property of all kinds and interest therein and personal property machiner, apparatus, equipment, facilities, and all other things of every kind, suitable, necessary, useful or advisable in connection with all the objects and purposes hereinbefore or hereinafter set forth or authorized.

(b)  To acquire or own any part of the good will, rights, property, and business of any person, partnership, association or corporation heretofore or hereinafter engaged in any business which the corporation has power to conduct, and to pay for the same in cash, bonds, stocks, or other obligations of the corporation or otherwise; to hold, utilize in any manner, dispose of the whole or any part of such rights or property, and to assume in connection therewith any liabilities of any persons, partnerships, association or corporation, and to conduct in any lawful manner the whole or any part of the business thus acquired.

(c)  To borrow money and to make and issue notes, bonds, debentures, obligations, and evidence of indebtedness of all kinds, whether secured by mortgage, pledge, or otherwise, without limit

70€

~~1198~~

## Page 5

-4-

as to the amount, and to secure the same by mortgage, pledge or
otherwise.

(d)  To enter into and to perform agreements of any nature
and to do all things that may be suitable, convenient or proper in
carrying on and conducting its business, exercising the powers of
the corporation, and the furthering its objects and purposes.

(e)  To carry on all or part of its business objects and pur-
poses, as principal, or agent, contractor, lessor, lessee, or
otherwise, either alone or associated with any corporation, association,
partnership, firm or association of all kinds, to the extent permitted
by law.

(f)  To extend credit to persons having dealings with this
corporation.

(g)  To purchase, own, sell, transfer, re-issue, or cancel
the shares of its own capital stock or any securities or obligations
of the corporation in the manner and to the extent now or hereafter
permitted by the laws of Nebraska.

(h)  In general to carry on any business not contrary to the
laws of Nebraska, and to have and to exercise all the powers con-
ferred by the laws of Nebraska upon corporations formed thereunder,
and to do any and all acts and things herein provided for to the
extent as natural persons could do, in any part of the world, as
principal, factor, agent, contractor, or otherwise, either alone or
in conjunction with one or more persons, syndicates, partnerships,

707

~~1199~~

## Page 6

-5-

associations, or corporations; to establish and maintain offices and

agencies within and anywhere outside of the State of Nebraska; and

to exercise all or any of its corporate powers, rights in the State

of Nebraska, and in any and all other states, territories, districts,

colonies, possessions or dependencies of the United States of America,

and in any foreign country.

(i)  To do everything necessary, proper, advisable, or conven-

ient for the accomplishment for any of the purposes or objects for

the furtherance for any of the powers herein provided, and to do every

other act and thing incidental thereto in connection therewith,

provided the same be not forbidden by the laws of Nebraska.

The recitation herein of particular objects and powers shall

not be held to limit or restrict in any manner the general powers

of the corporation.  The objects and purposes hereinbefore specified,

shall be regarded as independent objects and purposes, and except

where otherwise expressed, shall in no way be limited or restricted

by reference thereto or inference from, the terms of any other

provisions of these articles.

ARTICLE V.

The names and residences of each of the incorporators are:
W.
Redmond/Sears, Merriman, Nebraska and Willard W. Rogers, Ainsworth,

Nebraska.

ARTICLE VI.

The corporation is to have perpetual existence, and shall

commence doing business upon the filing of its Articles of Incorporation

'708

~~1200~~

## Page 7

-6-

with the Secretary of State, and with the County Clerk of Brown County,
both of the State of Nebraska.

ARTICLE VII.

The private property of the stockholders of the corporation
shall not be subject to the payment of debts of such corporation to
any extent whatever.

ARTICLE VIII.

The minimum amount of the capital stock with which the corporation
shall commence business shall be $1,000.00.

ARTICLE IX.

The total number of shares of stock which the corporation shall
be authorized to issue is 2,500 shares of common stock, and the par
value of each share shall be $100.00, and shall be fully paid when
issued, wholly or partly, by cash, by labor done, by personal property,
or by real property, or lease thereof.

ARTICLE X.

The affairs of the corporation shall be conducted by a Board of
Directors (not less than three) and by the Statutory officers, to-wit:
President, Vice-President, Secretary and Treasurer, and by such other
officers, agents, and employees as may be provided by the By-laws.
The Board of Directors shall have the power to make, alter, amend, and
repeal the By-Laws of the corporation.  The Articles of Incorporation
may be amended at any regular or special meeting of the Board of Dir-
ectors.

~~1201~~

'709

**Page 8**

-7-

### ARTICLE XI.

Directors and other officers in the corporation need not be stockholders.

The election of Directors need not be by ballot.

### ARTICLE XII.

The corporation reserves the right to amend, alter, change or repeal any and all of the provisions contained in these Articles of Incorporation in the manner now or hereinafter prescribed by Statute, and all rights conferred upon the stockholders herein are granted subject to this reservation.

### ARTICLE XIII.

In the absence of actual fraud, no contract made, or other action taken by the concurrent vote of the majority of the entire number of directors shall be invalid or voidable by reason of the fact that some or all of the directors are interested or shall any director be incapacitated from voting upon such contract, or with respect to any such action by reason of such interest.

### ARTICLE XIV.

The subscription for and the ownership of all shares of stock in this corporation are made upon or taken upon a condition that any holder of shares of stock desiring to sell, transfer, alienate or convey the same to anyone other than one of the undersigned, the same shall first offer such stock to the corporation at a price per share equal to the book value per share as determined by a public

~~1202~~ 710

## Page 9

-8-

accountant, and the corporation shall have 30 days after such tender
in which to purchase or decline to purchase such stock. In case the
corporation within the time above set forth fails and neglects to
exercise the option herein contained to purchase such stock, such
corporation shall be deemed to have waived such option, and the
stockholders shall be at liberty to sell and transfer such stock to
anyone else, and any attempt to transfer said stock in violation of
this provision shall be null and void, unless the corporation waives
the option herein mentioned.

We, the undersigned, being each of the incorporators herein
named, for the purpose of forming a corporation pursuant to the
general corporation laws of the State of Nebraska, sign and acknowledge
these Articles of Incorporation, the day and year of the acknowledgment
of our respective signatures.

STATE OF NEBRASKA )
                 ) ss.
COUNTY OF BROWN  )

On this 20ᵗʰ day of July, 1962, before me, personally came
Redmond Sears and Willard W. Rogers, to me personally known to be the
identical individuals described in and who signed the foregoing
Articles of Incorporation, and each duly acknowledged to me that they
signed, sealed and delivered said Articles as their several voluntary
act and deed, and that the facts therein stated are truly set forth.

Witness my hand and notarial seal the day and year above written.

                                        '711
                         Notary Public

My commission expires September 14, 1962.

## Page 10

9/24/2008 5:56 PM

Farman & Cassel, Attys.

**NOTICE OF INCORPORATION OF AINSWORTH FEED YARDS COMPANY, INC.**

Notice of the following incorporation is hereby given:

1. The name of the corporation is "Ainsworth Feed Yards Company, Inc."

2. The principal place of business is Ainsworth, Brown County, Nebraska.

3. The general nature of the business to be transacted by such corporation is to engage generally in the business of raising and feeding livestock for marketing purposes for the account of the company or for the account of others, and to own and operate yards, pens, lots, shed or enclosures or shelters of any type for any purpose or activity in which the company may lawfully engage; to breed, raise, buy, sell and deal generally in all species of livestock for feeding and marketing purposes; to raise, buy own, sell and deal generally in grain, hay, and livestock feed of all kinds and any and all kinds of property necessary, appropriate or convenient to carry out the purposes for which this corporation is formed; to engage in the business of buying, selling, dealing, raising, breeding, feeding, agisting, transporting and yarding all species of livestock; to engage in the business of operating stock farms and ranches, feed yards and feed storage facilities, and buying, selling and dealing in all articles of commerce directly or indirectly relating to the livestock industry.

4. The authorized capital stock is $250,000.00 divided into 2500 shares of par value of $100.00 per share. This minimum amount of capital with which the corporation shall commence business is $1000.00.

5. The certificate of incorporation was issued on July 23, 1962 and such corporation is to have perpetual existence.

6. The affairs of the corporation are to be conducted by a Board of Directors and the statutory officers: president, vice-president, secretary-treasurer, and by such other officers, agents and employees as may be provided by the by-laws.

7. The name of the resident agent of the corporation is Willard W. Rogers of Ainsworth, Nebraska.

Dated July 28, 1962.

**AINSWORTH FEED YARDS COMPANY, INC.**

A. 2. 9. 16.

7-23-61

**AFFIDAVIT OF PUBLICATION**

State of Nebraska }
Brown County      } ss.

....Fred ... H .... Rose ...................., being first duly sworn, on his oath deposes and says: that he is....publisher.... of the AINSWORTH STAR-JOURNAL, a legal newspaper under the statutes of the State of Nebraska, printed and published weekly in Ainsworth, Brown County, Nebraska, and of general circulation in said county; that affiant has personal knowledge of the fact that the annexed notice, as per clipping attached, was published and printed in said newspaper in the regular issues thereof on the following dates, to wit:

....August ... 2 ...................., 1962 ...

....August ... 9 ...................., 1962 ...

....August ... 16 ...................., 1962 ...

............................, 19........

............................, 19........

........Fred W. Rose........
Publisher or Foreman

Subscribed in my presence and sworn to before me this ....16th.. day of....August................., 1962..

........................................
Notary Public

My Commission expires....February 25..., 19 65

Fees: ....25 ...90....

FiLED 8. 4. 62

712



# Page 1



## ARTICLES OF AMENDMENT
## TO THE
## ARTICLES OF INCORPORATION
## OF
## AINSWORTH FEED YARDS COMPANY, INC.

### A for-profit corporation

1.  The name of the corporation is:  Ainsworth Feed Yards Company, Inc.

2.  Article I of the Articles of Incorporation is amended in its entirety to read as follows:  The name of the corporation shall be:  "AFY, Inc."

3.  The amendment was adopted on June 14, 2004.

4.  The amendment was approved by vote of the shareholders.  Eight hundred twenty-three (823) shares of common stock, of which all is outstanding, were entitled to vote on the amendment.  Eight hundred twenty-three (823) votes were cast in favor of the amendment and zero (0) votes were cast against the amendment.

Dated:          June 14, 2004

Robert Sears, President

BY LAWS
OF
AINSWORTH FEED YARDS COMPANY, INC.
A Nebraska  Corporation

## ARTICLE I

## MEETINGS

Section 1 - Annual meetings of the stockholders.  The
annual meeting of the stockholders for the election of directors
and for the transaction of such other business as properly
may come before such meeting shall be held at one o'clock P. M.
in the afternoon of the 2nd day of January of each year, if
not a legal holiday, or if a legal holiday, then on the next
succeeding day not a legal holiday.

Section 2 - Regular meetings of directors.  Regular
meetings of the Board of Directors may be held without call
or formal notice at such time as the Board may by vote from
time to time determine, and without call or formal notice
immediately after and at the same place as the annual meeting
or any special meeting of the stockholders at which a Board
of Directors is elected.

Section 3 - Special meetings.  A special meeting of the
stockholders may be called at any time by the President, or
the Board of Directors, and shall be called by the President
upon the written request of the stockholders of record
holding in the aggregate of one-fifth, or more, of the out-
standing shares of the stock of said corporation entitled to
vote, such written request to state the purpose or purposes
of the meeting, and to be delivered to the President.

Special meetings of the Board of Directors may be held
at any time when called by the President, the Secretary, or
two or more Directors.

Section 4 - Notice of meetings.  Except as otherwise
required by Statute, notice of special meetings of the stock-
holders stating the place, day and hour thereof, and the
purposes for which the meeting is called shall be given by
or under the direction of the Secretary at least three, but
not more than ten days, before the date fixed for such meeting
to each holder entitled to vote at such meeting.

Exhibit B

-2-

Reasonable notice of the time and place of special
Directors' meetings shall be given to each director.

A waiver of any such notice in writing signed by the
person or persons entitled to such notice, whether before
or after the time stated therein, shall be deemed equivalent
thereto.

Notice of any adjourned meeting of stockholders, or
of the Board of Directors, need not be given.

Section 5 - Place of meetings. Unless otherwise speci-
fied in the call or notice, meetings of either the stockholders
or Board of Directors, shall be held at the principal office
of the corporation at Ainsworth, Brown County, Nebraska.
Meetings of the stockholders and of the Board of Directors
may be held at such place within or without the State of
Nebraska as shall be specified in the respective notices or
waivers of notice thereof.

Section 6 - Quorums. A quorum of stockholders for the
transaction of business shall consist of presence at any
meeting, in person or by proxy, of the holders of record of
a majority of the shares then issued and outstanding.  In
the absence of a quorum, a majority in interest of the stock-
holders entitled to vote are present, in person or by proxy,
any officer entitled to preside or act as Secretary of such
meeting, may adjourn any stockholders meeting from time to
time for a period not exceeding twenty·days in any case. At
any such adjourned meeting at which a quorum may be present
any business may be transacted which might have been transacted
at the meeting as originally called.

A quorum of Directors, at any Directors' meeting for the
transaction of business, except as otherwise required by
Statute, shall consist of the presence of at least two
Directors.  The act of a majority of the Directors present
at a meeting at which a quorum is present shall be the act
of the Board of Directors.  In the absence of a quorum, a
majority of the Directors present at the time and place of
any Directors' meeting may adjourn such meeting from time
to time until a quorum be present.

Section 7 - Except as otherwise provided by Statute, each
record stockholder, other than the corporation, shall at every
meeting of the stockholders be entitled to one vote in person,

-3-

or by proxy for each share of the capital stock held by such
stockholder, and all matters shall be decided by the majority
in interest of the stockholders entitled to vote present in
person or by proxy.

## ARTICLE II

## BOARD OF DIRECTORS

Section 1 - General Powers. The business of the corporation
shall be managed by the Board of Directors, except as otherwise
provided by Statute, or the Articles of Incorporation.

Section 2 - Number. The number of the Directors shall be
four. (Amended 8-493 by SH to provide for 5 Directors)

Section 3 - Election. The Directors shall be elected
annually by the stockholders, but such election need not be
by ballot.

Section 4 - Term of office. The Directors shall hold
office until their successors are respectively elected and
qualified.

Section 5 - Qualifications. No director need be a stock-
holder.

## ARTICLE III

Section 1 - Number. The corporation shall have a President,
a Vice-President, a Secretary, Treasurer, and such other officers,
including a General Manager, agent and factors as the same may
be deemed necessary.

One person may hold any two offices, except the office of
President and Vice-President.

Section 2 - Election, terms and qualifications. The officers
hereinbefore specifically designated shall be chosen annually by
the Board of Directors, and shall hold office until their
successors are chosen and qualified. The president shall be
chosen from among the Directors. No other officer need be a
Director.

-4--

Section 3 - Subordinate officers.  The Board of Directors from time to time may appoint other officers, factors and agents, fix their term of office, definite their authority and duties.

Section 4 - The President.  The President shall be the chief executive officer of the corporation, and, subject to the direction and under the supervision of theBoard of Directors, shall have general charge of the business affairs and property of the corporation, and control over its officers, agents and employees.  The President shall do and perform such other duties and may exercise such other powers as may from time to time be assigned to him by the By-Laws, or by the Board of Directors.

Section 5 - The Vice President.  The Vice-President at the request of the President, or in the event of his absence or disability, shall perform all the duties of the President, and when so acting shall have all the powers of, and be subject to all of the restrictions upon the President.  The Vice-President shall perform such other duties and may exercise such other powers as may be assigned to him by these by-laws, or the Board of Directors.

Section 6 - The Secretary.  The Secretary shall record all the proceedings of the meeting of thecorporation and Directors in a book kept for that purpose, be the custodian of the records of the corporation and of the Board of Directors, and of the Seal of the corporation, affix the seal whenever required and authorized, see that all books and reports, statements, certificates, and other documents and records required by law to be kept or filed are properly kept or filed; and, in general, to perform all duties and have all powers incident of the office of Secretary as may from time to time be assigned to him by these By-Laws, or by the Board of Directors, or by the President.

Section 7 - The Treasurer.  The Treasurer shall keep accounts of all monies of the corporation received or disbursed, and shall deposit all monies and valuables in the name of and to the credit of the corporation in such banks and depositories as the Board of Directors shall designate. The Treasurer shall, in general, perform all duties and have all powers incident to the office Treasurer, and perform such other duties and have such other powers as may from time to time be assigned to him by these By-Laws, or by the Board of Directors, or by the President.

--5--

Section 8 - Salary. The salaries of the officers of the corporation shall be fixed from time to time by the Board of Directors. No officer shall be prevented from receiving a such salary by reason of the fact that he is also a Director of the corporation.

## ARTICLE IV

### EXECUTION OF INSTRUMENTS

Section 1 - Generally. All documents, instruments, or writings of any nature shall be signed, executed, verified acknowledged and delivered by the President, or such other officer, or officers, agent, or agents, of the corporation in such manner as these By-Laws may provide, or the Board of Directors may from time to time determine.

Section 2 - Checks, drafts, etc. All notes, drafts, acceptances, checks, endorsements, and all evidence of indebtedness of the corporation whatsoever, shall be signed by such officer or officers, or such agent or agents, of the corporation and in such manner as the Board of Directors may from time to time determine.

Section 3 - Proxy. Proxies to vote with respect to the shares of stock of the corporation owned by or standing in the name of the corporation may be executed and delivered from time to time on behalf of the corporation by the President, or Vice President and the Secretary of the corporation, or by any other person or persons, thereunto authorized by the Board of Directors.

## ARTICLE V.

### TRANSFER OF SHARES OF STOCK

Section 1 - Subject to the restrictions in the Articles of Incorporation, shares of stock in this corporation shall be transferrable only on the books of the corporation by assignment in writing by the owner thereof, his attorney legally constituted, or his legal representative, upon surrender and cancellation from the certificate or certificates therefor.

Section 2 - The Corporation, its officers, transfer agents, and registrars, if any, shall be entitled to treat the holder of record of any share, or shares, of stock as the absolute owner thereof for all purposes, except as otherwise provided by the laws of the State of Nebraska.

-6-

## ARTICLE VI

### SEAL

The corporation seal, subject to alteration by the Board of Directors, shall be in the form of a circle, and shall have the name of the corporation: "Ainsworth Feed Yards Company, Inc.," and, shall indicate its formation under the laws of the State of Nebraska.

## ARTICLE VII

Except as from time to time otherwise provided by the Board of Directors the fiscal year of the corporation shall terminate on July 31, 1963, and July 31st of each succeeding year.

## ARTICLE VIII

Section 1. Amendments to these By-Laws may be made, by a vote of the stockholders representing a majority of all the stock issued and outstanding, at any annual stockholders' meeting; or at any special stockholders' meeting when the proposed amendment has been set out in the notice of such meeting.

Dated this  31st  day of _____August_____, 1962.

CERTIFICATE OF ADOPTION OF AMENDMENT
OF
BY-LAWS OF AINSWORTH FEED YARDS COMPANY, INC.

We, the undersigned, being all of the shareholders of
AINSWORTH FEED YARDS COMPANY, INC., A Nebraska Corporation,
do hereby certify that the foregoing By-Laws were unanimously
amended at a meeting of the Shareholders of the corporation
at its annual meeting on January 2, 1974, to read as follows,
to-wit:

"ARTICLE I

BOARD OF DIRECTORS

Section 2 - Number.  The number of Directors
shall be  six."

We do hereby further certify that the undersigned being
all of the shareholders of said corporation are also Directors
of said Corporation.

**Minutes 2008 Annual Meeting**
**of Shareholders**
**AFY, Inc.**

The business of the annual meeting of shareholders of AFY, Inc., is conducted in this written consent in lieu of a meeting, and constitutes the action of the corporation's Shareholders when executed by them.

1.    The following persons shall serve as members of the Board of Directors:

    1.1.    Robert Sears.
    1.2.    Korley B. Sears.
    1.3.    Mrs. Redmond Sears.

2.    Each Director shall serve for one (1) year or until the Director's successor is duly elected and qualified.

**Approval of Officers' and Directors' Actions**

3.    The actions of the officers were reviewed.  The corporation's financial statements were reviewed.  After doing so, these Resolutions were adopted:

> Be It Resolved, after review of the actions of the corporation's Officers and Directors taken in 2007, including matters involving special meetings and the transaction involving the sale of shares of the corporation's stock and waiver of rights to enforce previous stock purchase agreements, it was moved, seconded, and unanimously assented to, agreed, and adopted that all actions taken by AFY, Inc.'s Officers and Directors during 2007 are ratified and approved to the extent those actions were taken by Robert Sears, President, or Korley B. Sears, Vice-President, Secretary, and Treasurer.  No actions by other Officers are approved.

> It is Further Resolved that all actions of the Board of Directors of AFY, Inc., are approved for 2007.

4.    There were no dissents and the foregoing Resolution was adopted.

**Stock Redemption**

5.    The Shareholders considered whether the Corporation should redeem the shares purchased in the June 2007 Stock Purchase Agreement, or if Korley B. Sears should acquire them.  After careful study and cooperation with Korley B. Sears, a

Exhibit C

determination is made the stock should be redeemed by the Corporation and held as treasury stock and should not pass to Korley B. Sears when paid for. To accomplish this the following Resolution was offered and unanimously adopted:

> Be It Resolved by the Shareholders and Directors of AFY, Inc., that the Corporation shall redeem and make all payments required to be made, to acquire all shares of AFY, Inc., stock and all other shares provided to be sold by Rhett R. Sears or the Rhett Sears Revocable Trust, Ronald H. Sears, or the Ron H. Sears Trust, or Dane R. Sears under the terms of the June 2007 Stock Purchase Agreement. The company shall execute such documents and effectuate such transactions, as are necessary to accomplish this objective and its officers are empowered to take all steps necessary to accomplish this redemption.

> Korley B. Sears shall be empowered to vote the shares being redeemed until redemption is completed, at which time the shares shall be retired and shall no longer be outstanding or entitled to vote.

> When redemption is completed, the Corporation's share shall be held as follows:

> Robert A. Sears............................................................14 shares
> Korley B. Sears............................................................23 shares
> Redmond Sears Trust...............................................203 shares

6.    The Resolution was unanimously adopted by the Shareholders in their minutes and by the Directors in their minutes.

## Appointment of Certified Public Accountant

7.    The shareholders considered the need to appoint a certified public accountant to provide accounting advice and furnish accounting consultation. A motion was made and seconded to designate the firm of Gifford & Cox, PC, CPAs, North Platte, Nebraska, and specifically Kyle Gifford, CPA, to serve as the certified public accountant for AFY, Inc. There was no objection, and his appointment was unanimously ratified.

8.    The business operations of the company were reviewed. It was noted that Korley B. Sears and Robert Sears, respectively, from time to time use, with the knowledge and consent of one another, cattle feeding equipment, or pasture land, owned by the corporation or its subsidiaries. All such actions are authorized and approved so

9K6906

long as they are fully known by each of the foregoing Officers to the other and assented to in advance.

9.     The current state of the corporation's banking relations and its obligations and relations to Farm Credit of America were reviewed.   After discussion, a report concerning these matters was approved.

10.     There was no further business to come before the meeting of the Shareholders, and the meeting was adjourned by assent.

Robert Sears
14 shares

Robert Sears, for Redmond Sears Trust,
207 shares

Korley B. Sears
23 shares

Korley B. Sears, as authorized party to vote shares in escrow under Purchase and Sale Agreement – 464 shares

9K6906

## Minutes 2009 Annual Meeting
### of Shareholders
### AFY, Inc.

The business of the annual meeting of shareholders of AFY, Inc., is conducted in this written consent in lieu of a meeting, and constitutes the action of the corporation's Shareholders when executed by them.

1.      The following persons shall serve as members of the Board of Directors:

    1.1.   Robert A. Sears.
    1.2.   Korley B. Sears.
    1.3.   Mrs. Redmond Sears.

2.      Each Director shall serve for one (1) year or until the Director's successor is duly elected and qualified.

### Approval of Officers' and Directors' Actions

3.      The actions of the officers were reviewed.  The corporation's financial statements were reviewed.  After doing so, these Resolutions were adopted:

Be It Resolved, after review of the actions of the corporation's Officers and Directors taken in 2008, including matters involving special meetings and the transaction involving the sale of shares of the corporation's stock and waiver of rights to enforce previous stock purchase agreements, it was moved, seconded, and unanimously assented to, agreed, and adopted that all actions taken by AFY, Inc.'s Officers and Directors during 2008 are ratified and approved to the extent those actions were taken by Robert A. Sears, President, or Korley B. Sears, Vice-President, Secretary, and Treasurer.  No actions by other Officers are approved.

It is Further Resolved that all actions of the Board of Directors of AFY, Inc., are approved for 2008.

4.      There were no dissents and the foregoing Resolution was adopted.

### Appointment of Certified Public Accountant

5.      The shareholders considered the need to appoint a certified public accountant to provide accounting advice and furnish accounting consultation.  A motion was made and seconded to designate the firm of Gifford & Cox, PC, CPAs, North Platte,

Exhibit D

Nebraska, and specifically Kyle Gifford, CPA, to serve as the certified public accountant for AFY, Inc. There was no objection, and his appointment was unanimously ratified.

6.    The business operations of the company were reviewed. It was noted that Korley B. Sears and Robert A. Sears, respectively, from time to time use, with the knowledge and consent of one another, cattle feeding equipment, or pasture land, owned by the corporation or its subsidiaries. All such actions are authorized and approved so long as they are fully known by each of the foregoing Officers to the other and assented to in advance and past actions or usage are waived and assented to.

7.    The current state of the corporation's banking relations and its obligations and relations to Farm Credit of America were reviewed. After discussion, a report concerning these matters was approved.

8.    There was no further business to come before the meeting of the Shareholders, and the meeting was adjourned by assent.

February 12, 2009.

Robert A. Sears
14 shares

Robert A. Sears, for Redmond Sears Trust, 207 shares

Korley B Sears
23 shares

Korley B Sears, as authorized party to vote shares in escrow under Purchase and Sale Agreement – 464 shares

9X8750

### Minutes 2009 Consent and Waiver of Notice and Meeting
### AFY, Inc., Board of Directors

The annual meeting of the AFY, Inc., Board of Directors was held by action taken in this consent in lieu of a meeting, with the consent of all Directors as indicated by their signatures below.

1.    Robert A. Sears announced the Shareholders have met and acted by consent, and he reported on their action.

2.    The election of officers for the Corporation was the next item of business. The following persons were nominated and, by consent, are elected to serve until the 2009 annual meeting of the Directors or until their successors are duly elected and qualified:

    2.1.    Robert A. Sears, President.
    2.2.    Korley B. Sears, Vice-President.
    2.3.    Korley B. Sears, Secretary
    2.4.    Korley B. Sears, Treasurer

3.    The Directors acknowledge Robert A. Sears and Korley B. Sears do, from time to time, use certain assets of the corporation with the consent of one another in the ordinary course of the Corporation's business. This is acceptable to the Corporation's Board so long as it is undertaken with the prior knowledge and consent of each of the foregoing parties and does not materially adversely impact the company. All Directors assented.

4.    The chairman announced it would be in order for the Board to consider authority for the company's officers to refinance debt and take actions necessary to empower persons to execute documents with Farm Credit Services of America, and at other banks, including Commercial National Bank, Ainsworth, Nebraska, where the company does business. The following Resolution was offered and unanimously enacted:

### Resolution

Be It Resolved, Robert A. Sears and Korley Sears shall have signature authority over all matters governing the Corporation. No expenditure of more than $_____ shall be made by Robert A. Sears without the signature of Korley Sears and vice versa.

Kelly Macumber shall have authority to issue checks in the ordinary course of business and to transfer funds, as directed by an officer, between or among accounts, and to execute signature cards. She shall not be empowered to borrow money.

The officers are hereby empowered to execute all documents necessary to finance, or refinance, indebtedness due from the company to Farm Credit Services of America, or any other creditor, and to complete steps necessary to secure releases of personal guaranties, if any, made for debt of the corporation by any person who is not currently an active Shareholder with the right to vote.

It is Further Resolved that the Corporation's Officers and Directors are instructed and empowered to take action, pledge assets, execute documents, including notes or guaranties, or otherwise assist Korley B. Sears to borrow funds necessary to make payments for the AFY, Inc., shares purchased as described in the June 2007, Sears-AFY, Inc., Stock Purchase Agreement, or to renew any such debts.

The motion was unanimously carried.

5.    The Directors considered designating a representative of AFY, Inc., to vote any securities owned by the company. By acclamation, Korley B. Sears is designated as the AFY, Inc. representative to vote any securities in any subsidiary or other corporation, or any other entity owned by AFY, Inc., at any regular or special meeting at which voting of the interests held by the corporation was permitted. Korley B. Sears is empowered to cast votes in his discretion.

6.    There is no further business to come before the meeting, and the meeting is adjourned.

February 12, 2009.

_____
Robert A. Sears, Director and President

_____
Korley B. Sears, Director and Secretary

9X8759                                    2